USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA

                    S3 11 Cr. 337 (PKC)

      -against-

                    MEMORANDUM
                    AND ORDER

THOMAS HOEY, JR.,

              Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        On December 20, 2013, a superseding indictment was unsealed charging Thomas Hoey, Jr. in five counts, which will be described. On the same day, the Court considered whether to release Hoey pending trial, and, if so, on what conditions. After fully hearing counsel, the Court concluded that "no condition or combination of conditions can reasonably assure the appearance of the defendant and the safety of the community." Tr. Dec. 20, 2013 30:3-5. On December 30, 2013, Hoey again moved for release on conditions set forth in a proposed bail package. (Docket No. 62.) On January 3, 2014, the Court denied Hoey's application. (Docket No. 67.)

        Hoey has moved again for release, tendering letters of support, other materials relating to the health of his business and a proposed bail package. (Docket No. 80.) The Court, after hearing counsel, and considering the matter de novo denies the application.

        Count One charges Hoey with conspiring to distribute and possess with intent to distribute five kilograms and more of mixtures and substances containing cocaine, in violation of 21 § U.S.C. 841(b)(1)(A) and other controlled substances in violation of various subsections of

21 U.S.C. § 841, and that the use of such substances, specifically, the cocaine, resulted in the January 10, 2009 death of Kim Calo. Count Two charges the substantive crime of distribution and possession with intent to distribute an unspecified quantity of cocaine, in violation of 21 U.S.C. § 841(b)(1)(C), and that the use of such controlled substance resulted in the death of Kim Calo.

Count Three through Five charge obstructive conduct relating to a federal grand jury's investigation of the underlying crimes. Specifically, Count Three charges that from at least January 2011 up to and including May 2011, Hoey and others willfully and knowingly conspired to procure another to commit perjury. Count Four charges that from January 10, 2009 up to and including May 2011, Hoey and others willfully and knowingly corruptly endeavored to obstruct and impede the investigation into the death of Kim Calo by attempting to destroy evidence of the cause of Calo's death and endeavoring to cause a witness to testify falsely before the grand jury. Count Five charges that during that same period, Hoey and another knowingly advised, threatened, pressured, and otherwise induced an individual to make false statements to law enforcement agents, give false testimony before a grand jury, and sign a false statement with the intent that the statement be used in an official proceeding.

When there is probable cause to believe that a defendant committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e). "[A]n indictment returned by a duly constituted grand jury conclusively establishes the existence of probable cause for the purpose of triggering the rebuttable presumptions set forth in § 3142(e)" United States v. English, 629 F.3d

311, 319 (2d Cir. 2011) (quoting United States v. Contreras, 776 F.2d 51, 55 (2d Cir. 1985) (alteration in original).

> "Where there is such a presumption, the defendant 'bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight.' Satisfying the burden of production does not eliminate the presumption favoring detention; it 'remains a factor to be considered among those weighed by the district court.' At all times, however, 'the government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community,' and 'by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight.'"

Id. (quoting United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001)).

If the government is able to prove that the drug conspiracy and substantive drug distribution crimes charged in Counts One and Two resulted in the death of Ms. Calo, each ccount would carry a mandatory minimum sentence of twenty years. 21 U.S.C. § 841(b)(1)(A). Hoey now argues that Burrage v. United States, ___ U.S. ___, 134 S. Ct. 881 (2014) casts doubt on the government's ability to obtain a jury finding on the death enhancements. In Burrage, the Supreme Court held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. 841(b)(1)(C) unless such use is a but-for cause of the death or injury." Burrage, 134 S. Ct at 892. Hoey's counsel doubts the government's ability to prove but-for causation. The government asserts that it anticipated the holding in Burrage and is ready to meet its burden at trial.

But the death enhancement is not the sole source of the presumption against pretrial release in the case of Hoey. The drug conspiracy count, charged under 21 U.S.C. § 841(b)(1)(A), carries a mandatory minimum of ten years imprisonment, even without the penalty

enhancement charged for the allegedly resulting death. Accordingly, Hoey's optimistic view of the impact of Burrage does not eliminate the rebuttable presumption against release.

Hoey argues that he has less of a reason to fear a mandatory sentence of twenty years on Counts One and Two and may, at worst, only be exposed to a mandatory minimum of ten years on Count One. He has no prior convictions, strong roots in the community, and substantial assets which he and family members are prepared to post as security, which he argues will assure his appearance at trial. He is supported in his application by friends, family and workers in his business, some of whom fear the loss of jobs from Hoey's prolonged absence from the family business, which his previously retired father is now endeavoring to run.

The government has responded that Hoey is the co-owner of a substantial business engaged in large-scale distribution of bananas and a frequent international traveler, particularly to South American countries, and has the wherewithal to flee the United States and live beyond the reach of law enforcement. It argues that he is facing a substantial mandatory minimum of either ten or twenty years and has the incentive to flee. On the present record, this Court concludes that there is a serious risk of flight because of defendant's substantial international contacts, his strong financial resources and a substantial motive to flee to avoid substantial prison time in the event of conviction.

The government, relying upon the grand jury's probable cause finding, also argues that there have been serious obstructive conduct in the past and that there is a serious danger that Hoey will endeavor to obstruct justice in this case in the future. Counts Three, Four and Five of the indictment charge Hoey with conspiracy to suborn perjury, attempting to destroy evidence, and witness tampering. "Obstruction of justice has been a traditional ground for pretrial detention by the courts, even prior to detention for dangerousness which was instituted

by the Bail Reform Act of 1984." United States v. LaFontaine, 210 F.3d 125, 134 (2d Cir. 2000). "The question is . . . whether there is a serious risk of obstruction in the future." United States v. Madoff, 586 F. Supp. 2d. 240, 250 (S.D.N.Y. 2009) (emphasis in original).

Hoey contends that the obstruction charges are stale for purposes of assessing his risk of future obstruction. But the underlying acts of obstruction allegedly occurred in 2011, which is relatively recent. The witness who gave the perjurious grand jury testimony about the circumstances surrounding Kim Calo's death has been convicted by a trial jury and awaits sentencing. (Docket No. 33.) A second defendant has entered a guilty plea to conspiracy to suborn perjury as alleged in Count Three and also awaits sentencing. (Docket Entry of Jan. 17, 2014.) Thus, the conspiracy to suborn perjury to which Count Three relates is both relatively recent and relates to matters charged in Counts One and Two of the indictment. Strict pretrial supervision and electronic monitoring of Hoey would provide little protection against future obstructive conduct. The Court finds by clear and convincing evidence that there is a serious risk of future obstructive behavior.

Taking account of the evidence and argument proffered by the defendant and the government and considering the rebuttable presumption as but one factor in the analysis, this Court concludes that the government has shown by clear and convincing evidence that the defendant presents a danger to the community and a risk of flight. Because there is no condition or set of conditions that could reasonably ensure the safety of the community from Hoey's potential obstructive conduct and assure his presence at trial if released, Hoey's request for release pending trial (Docket No. 80) is DENIED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
February 13, 2014