UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,                      11-cr-337 (PKC)

-against-                        OPINION AND ORDER

THOMAS HOEY,

                Defendant.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

        On April 23, 2015, the defendant was sentenced principally to a term of imprisonment of 151 months following his plea of guilty to charges relating to the Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, 18 U.S.C. § 371, Conspiring to Suborn Perjury, 18 U.S.C. § 1622, and Obstruction of Justice, 18 U.S.C. §§ 1502-03.

        On December 22, 2016, the United States Court of Appeals for the Second Circuit ordered a limited remand on the issue of the fine imposed as part of the sentence. In a brief order, the Court wrote that Hoey's "supplemental brief [was] construed as a motion to vacate and remand with respect to [Hoey's] fine." The order concluded as follows: "So construed, the motion is GRANTED, Appellant's fine is VACATED, and the case is REMANDED for additional proceedings limited to the issue of Appellant's fine."

        Following the issuance of the mandate, this Court ordered as followed: "Mr. Wallenstein is appointed under the CJA for the limited purposes of matters encompassed within the scope of the Second Circuit's remand." (Order of Feb. 1, 2017; Doc. 234.) The Court set resentencing on the limited scope of the remand for May 17, 2017.

On May 16, 2017, the day before the limited resentencing, Hoey filed a pro se motion seeking resentencing de novo premised upon the reversal and remand of a New York State conviction on November 1, 2016—about seven weeks before the Second Circuit's December 22 Order—and a newspaper article dated May 10, 2017 reporting a decision by state prosecutors not to proceed with a retrial. The state conviction had formed a part of Hoey's Criminal History at the time of sentencing.

On May 17, 2017, the Court proceeded with resentencing limited to the issue of the fine and filed on May 18, 2017 an Amended Judgment modifying only the criminal penalties. Hoey has not appealed from that Amended Judgment.[1]

Hoey's May 16 petition relied on United States v. Quintieri, 306 F.3d 1217, 1230 (2d Cir. 2002) for the proposition that, on a remand for resentencing the Court must consider any changed circumstances that exist on the date of resentencing, even if they do not relate to the issue for which resentencing was ordered. Because the issue raised by Hoey was serious and potentially meritorious, this Court appointed counsel for Hoey who has submitted supplemental briefing.

PROCEDURAL BACKGROUND

At the time of his plea agreement, Hoey had been found guilty in New York Supreme Court, New York County, of the crime of assault in the third degree and tampering with physical evidence. He had not, however, been sentenced on the charge.

---

[1] Before the issuance of the mandate, Hoey had moved for a reduction of sentence based upon Amendment 782 to the United States Sentencing Guidelines. In an Order filed May 18, 2017 (Doc. 249), the Court denied the motion for reasons explained therein. Hoey filed a Notice of Appeal from the Order denying a reduction based upon Amendment 782. (Doc. 252).

- 2 -

The plea agreement relating to the charges before the undersigned noted the existence of the convictions on the state charges. The government and Hoey agreed that he would be in Criminal History Category ("CHC") II, if, at the time of sentencing, he had been sentenced to incarceration on the state charge for a period of 60 days or more but that if he had not been sentenced by the state court, or had been sentenced to a period less than 60 days, then he would be in CHC I. (Plea Agreement dated August 6, 2014 at 3 n.2; United States Sentencing Guidelines ("USSG") § 4A1.1(b) & Chapter Five, Part A (Sentencing Table).) If Hoey was in CHC I, the Stipulated Guideline Range of imprisonment would be 108 to 135 months' imprisonment. If he was in CHC II, the Stipulated Guideline Range would become 121 to 151 months imprisonment.

Upon learning that the state sentencing had been adjourned, this Court adjourned Hoey's original sentencing to a date after the state sentencing. Ultimately, Hoey was sentenced by the state court to concurrent terms of 12 months and 1 1/3 to 4 years imprisonment on the assault and tampering charges. Thus, under the plea agreement, his Stipulated Guideline Range of imprisonment became 121 to 151 months.

At sentencing, the Court adopted the 121 to 151 month range without objection from the defendant. (Sentencing Tr. 17:9-16, Apr. 23, 2015; Doc. 227.) For reasons explained at length on the record of sentencing, Hoey was sentenced to the highest end of the advisory Guideline range and received a sentence of 151 months imprisonment as follows: 60 months on Count 1, 60 months on Count 2 and 31 months on Count 3, all to run consecutively. The Court also imposed 3 years supervised release, a fine of $250,000 and a special assessment of $300. (Judgment, Apr. 23, 2015; Doc. 223.)

Hoey appealed and his appointed attorney filed a motion pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967) asserting that there were no non-frivolous issues raised and seeking leave to withdraw. On January 17, 2017, the mandate issued from the Second Circuit based upon its December 22, 2016 Order that construed Hoey's supplemental brief "as a motion to vacate and remand with respect to [Hoey's] fine" and "So construed, the motion is GRANTED, Appellant's fine is VACATED, and the case is REMANDED for additional proceedings limited to the issue of Appellant's fine."

As noted, after hearing from the government, defendant and his appointed counsel, the Court resentenced to the same terms of his original sentencing except that no fine was imposed. (Amended Judgment, May 18, 2017; Doc. 251.)

## HOEY IS ENTITLED TO RESENTENCING BASED UPON CHANGED CIRCUMSTANCES.

The mandate of the Second Circuit was plainly written and its meaning clear, i.e. the proceedings on remand are limited to the fine imposed as part of Hoey's sentence. But the mandate was written in the context of existing Circuit precedent.

Resentencing de novo is generally not appropriate where the Second Circuit identifies only a "sentencing error" to be addressed by the district court on remand. <u>United States v. Rigas</u>, 583 F.3d 108, 116 (2d Cir. 2009). When a remand results from a vacatur of a conviction, the "default rule" is that the remand is for "de novo" resentencing because "multiple convictions are 'inextricably linked' in calculating the sentencing range under the guidelines." <u>United States v. Quintieri</u>, 306 F.3d 1217, 1228 n. 6 (2d Cir. 2002) (quoting <u>United States v. Atehortva</u>, 69 F.3d 679, 685-86 (2d Cir. 1995)). But, when resentencing is necessitated by a sentencing error and the Second Circuit does not provide explicit directions in its remand order, the "default rule" is for "limited resentencing." <u>Id</u>. A defendant may overcome this presumption

of limited resentencing if (1) "correction of those errors would undo the sentencing calculation as a whole," (2) the "spirit of the mandate" requires de novo resentencing, (3) an issue became relevant only after the initial appellate review, or (4) there is a "cogent" or "compelling" reason for de novo resentencing. Rigas, 583 F.3d at 118 (quoting Quintieri, 306 F.3d at 1230).

Hoey urges that the issue – the decision of the state prosecutor not to retry him on the vacated state conviction – only became relevant after initial appellate review. An "issue may be raised if it arises as a result of events that occur after the original sentence." Quintieri, 306 F.3d at 1230; see United States v. Bryson, 229 F.3d 425, 426 (2d Cir. 2000) (per curiam) (holding that even when the Second Circuit orders a limited remand for resentencing at a specific offense level, the district court must consider issues of "intervening circumstances" and then may downwardly depart from the specific offense level if appropriate); see also United States v. White, 655 F. App'x. 42, 44 (2d Cir. 2016) (summary order) ("A district court is . . . obliged at resentencing to take into account such material changes in circumstances as have arisen since the original proceeding."). This principle "reflects the general admonition that 'a court's duty is always to sentence the defendant as he stands before the court on the day of sentencing.'" Quintieri, 306 F.3d at 1230 (citing Bryson, 229 F.3d at 426).

The vacatur of Hoey's state court conviction arose after the original sentence and constitutes an "intervening circumstance," entitling Hoey to resentencing. Since the vacatur of Hoey's state court convictions did not exist at the time of the original sentencing, Hoey was not able to raise the claim at his original sentencing. See Quintieri, 306 F.3d at 1229-30 ("[I]f a sentencing determination had no practical effect on a defendant's sentence at the original sentencing but becomes relevant only after appellate review, a defendant is free to challenge that sentence determination on remand."). In order to sentence Hoey in accordance with his actual

circumstances at the time of resentencing, the Court must exclude the state court conviction from its sentencing consideration. See Id. at 1230.

This case is distinguishable from United States v. Elfgeeh, 377 F. App'x 103 (2d Cir. 2010), relied upon by the government. The Second Circuit in Elfgeeh did not address the question presented here, namely, the extent to which the district court, on a limited remand, may resentence a defendant on the basis of changed circumstances that are outside the scope of the limited remand mandate. The defendant in Elfgeeh presented no evidence and made no argument concerning issues arising as a result of subsequent events. He only argued that his sentence was unreasonable in light of sentences imposed on like offenders. In Elfgeeh, there were no changed circumstances that required the Second Circuit to go beyond its limited remand mandate.

In addition to arguing the impact of the vacated state conviction, Hoey also argues that evidence of his post-conviction rehabilitation may support a downward departure or variance from the Sentencing Guidelines. (Def.'s Suppl. Mem. at 3.) Hoey explains that during his prison term, he has completed the Introduction Drug Program in MCC Manhattan; taught the Commercial Driver's License Class in Manhattan MDC in 2015-2016; taught guitar class and FCI Berlin; taken and completed Math Parts 1 and 2, Drama Acting Class in Manhattan MDC, Kairos Inside Weekend Program, Religious Retreat Program, and Consecration to Merciful Love. (Def.'s Suppl. Mem. at 4.) Also, Hoey states he has no disciplinary infractions while imprisoned. (Id.)

The vacatur of Hoey's state court conviction arose after the original sentence and constitutes an "intervening circumstance," entitling Hoey to resentencing. Since the vacatur of Hoey's state court convictions did not exist at the time of the original sentencing, Hoey was not

able to raise the claim at his original sentencing. See Quintieri, 306 F.3d at 1229-30 ("[I]f a sentencing determination had no practical effect on a defendant's sentence at the original sentencing but becomes relevant only after appellate review, a defendant is free to challenge that sentence determination on remand."). In order to sentence Hoey in accordance with his actual circumstances at the time of resentencing, the Court the fact of the state court conviction will be excluded from the Court's sentencing consideration. See Id. at 1230.

Hoey's purported post-conviction rehabilitation arose after the original sentence and could constitute an "intervening circumstance," entitling Hoey to resentencing. The court in Bryson acknowledged the possibility of a defendant's "rehabilitation that might occur between [the original] decision and the resentencing." 229 F.3d at 426. Because the vacatur of the state conviction warrants resentencing, the Court will not foreclose Hoey from advancing arguments as to his rehabilitation.

Following the original sentencing of Hoey, he proceeded to trial in this district on charges of embezzling money from an employee benefit plan of a family-owned business, interstate transportation of stolen money, wire fraud and money laundering. United States v. Hoey, 15 cr. 229 (PAE). He was convicted on all counts and sentenced principally to 84 months imprisonment, 16 months of which to run concurrently with the sentence in the case before the undersigned.

CONCLUSION

The Court will resentence defendant Thomas Hoey considering Sentencing Guidelines recalculated in view of the vacated state conviction. The defendant may advance arguments based upon a claim of rehabilitation. Defendant Hoey's motion is GRANTED insofar as indicated.

Presentencing submissions from defendant are due by September 21, 2018 and from the government by October 15, 2018. The parties should address the impact of Hoey's conviction in <u>United States v. Hoey</u>, 15 cr. 229 (PAE) on resentencing in this case.

Resentencing is set for October 24, 2018 at 2:30 p.m. The government shall arrange for defendant's production at resentencing.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
August 22, 2018